Hat, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff to recover the sum of $12,064.52. This sum is made up of items which the plaintiff claims it is entitled to by reason of the fact that the items so claimed should have been paid by the defendant under the contract which is based upon the system of cost of construction plus a fee. The contract provides that the plaintiff shall be reimbursed for such of its actual net expenditures in the performance of the work as may be approved or ratified by the contracting officer. For its own services the plaintiff was to receive a fee based upon a sliding scale with a maximum limit.
There is no dispute as to the facts. The plaintiff made the expenditures, but the defendant contends that the bond *242 for performance required by Article IX of tbe contract is not a bond within the discretion of the contracting officer to approve or require, and that the expenditure of $2,500, the premium on the bond, did not fall within the expenditures provided for in Article II of the contract. It is difficult to understand why the premium on such bond is not a part of the cost of the contract. It had to be given and approved before the contract could take effect; it was a cost which the contractor was called upon to incur; it was a cost morer over which the contract itself provided for; it can not be said that it is separate and distinct from the contract, and not a part of it. It was a bond which was required by statute, and before being accepted had to be approved by the contracting officer. Act of Feb. 24, 1905, 33 Stat. 811; act of Aug. 13,1894, 28 Stat. 279. Army Regulations, Par. 569.
The bond in this case was required and approved by the contracting officer; the premium on the bond was paid by the United States to the plaintiff in accordance with paragraph h, Article II, of the contract. More than two years after this payment was made to the plaintiff it was deducted from money otherwise due the plaintiff. In view of what has been said, and in view of the fact that the United States entered .into negotiations with the various surety companies for the purpose of having them reduce their premiums on such bonds before this or any similar contracts were executed, thus showing their purpose and intention to pay the cost of such bonds, the court is of opinion that the premium on this bond is properly payable by the United States under the terms of the contract.
The next item of the claim is the amount of premiums of insurance paid by the plaintiff. These premiums were paid by the plaintiff, and such payment was approved by the contracting officer, and having been so approved under Article II of the contract the payment must be allowed.
A judgment under Findings III, IV, and V in the sum of $12,064.52 will be entered for the plaintiff. It is so ordered.
Graham, Judge; DowNey, Judge, and Booth, Judge, concur.