Hat, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff to recover from the United States the sum of $1,502.65. Two items make up this sum. The first item is the sum of $1,000 paid by the plaintiff to Willis & Willis, attorneys of Baltimore.
This item of the claim is founded on a contract made November 23, 1917, between the plaintiff and the United States for the construction of a gas-shell filling station at Gunpowder Neck, Md. The contract was on a cost-plus basis. The contract provided for the payment of the actual cost of “all materials actually used, of all laborers necessarily employed, of outside superintendent, of all drayage, freight, and express charges, of premium on bond when required, and of all other necessary costs which may be approved in writing by the contracting officer or his duly accredited representative, and the United Stat.es will also pay to the contractor as a profit a sum equal to 10 per cent on all such costs (except cost of premium on bond) all as allowed and determined by the contracting officer.”
The term “ contracting officer ” was defined in the contract as follows: “Wherever the term contracting officer is used in this contract the same shall be construed to mean his successor or successors, his duly authorized agents or representatives, or any person designated by the Chief of Ordnance, from time to time, to act as contracting officer.” During the time here involved Capt. Edwin M. Chance was the duly authorized agent of the contracting officer.
On November 13, 1917, the plaintiff, at the request of the defendant, employed the Dorsey-Miller Co. as a subcontractor for the construction of a dock for the United States on the Bush River at the reservation. The work was to be *295 done under United States Ordnance Bureau regulations as to costs, and the Dorsey-Miller Co. was to receive a fee of 10 per cent on the actual cost of construction. After the work undertaken by the Dorsey-Miller Co. was more than one-ha-lf completed the contracting officer, Captain Chance, became dissatisfied with the methods of operation and the progress being made by the Dorsey-Miller Co. He requested the plaintiff to take over the plant and equipment of the Dorsey-Miller Co. and to make a settlement with them for the work which they had already done, and for the materials which they had on hand, and to then complete the work on its own account.
In its negotiations for a final settlement the Dorsey-Miller Co. made certain demands for work which it had completed and for materials which it had furnished, which demands the plaintiff and the Government auditor considered excessive. Legal questions were involved, and suit was threatened by the Dorsey-Miller Co. The plaintiff thereupon engaged the law firm of Willis & Willis to take up the negotiations with the Dorsey-Miller Co. As a result of the efforts of Willis & Willis the Dorsey-Miller Co. agreed to accept in full settlement of its claim $8,000 less than it had first demanded. Payment was made by the United States to Dorsey-Miller Co. of the amount so agreed upon, and as a result of the action of the plaintiff in securing the services of Willis & Willis the United States was saved the sum of $8,000.
Willis & Willis charged the sum of $1,000 for their services. This sum the plaintiff paid to them on March 15, 1919. A voucher for the payment of the said sum of money was approved by the contracting officer. The disbursing officer of the United States refused to make payment and his action was upheld by the Auditor for the War Department. The plaintiff has not been reimbursed for the amount so paid by it.
The only question for our consideration is whether or not the payment of the $1,000 to Willis & Willis is a part of the cost of the work contemplated by the contract. If it can be said to be a part of the cost of the work, then the *296 payment having been approved by the contracting officer was a payment for which the plaintiff is entitled to be reimbursed.
Ordinarily we would not hold that fees to counsel were necessarily a part of the cost of the work contemplated in contracts of this character. But in this case the plaintiff was requested by the contracting officer to perform certain services for the benefit of the Government, and in the course of the work under the contract these services could not be properly performed in the interest of the Government without the employment of agencies equipped for their effective performance. The plaintiff had to employ such agencies and was, in effect, authorized to do so, and having employed them and paid them their reasonable charges, the plaintiff should be reimbursed the amount so paid, especially in view of the fact that the Government, and not the plaintiff, benefited. We think that any cost which was incurred as a result of the settlement made by the plaintiff at the request of the Government with the Dorsey-Miller Co. is a part of the cost of the work contemplated by the contract and that the contracting officer was acting within the scope of his authority when he approved the payment of $1,000 to Willis & Willis. His decision and action in the matter were conclusive, and it was beyond the power of the Auditor for the War Department to refuse payment. United States v. Mason & Ranger Co., 260 U. S. 323; and Mason & Hanger Co. v. United States, 56 C. Cls. 238.
The second item of the plaintiff’s claim is for the sum of $502.65, paid by it to Willis & Willis for defending a 'suit brought against it by one West for alleged false arrest. The arrest was made by officers of the United States and the plaintiff was in no wise connected with it. It was the plaintiff’s misfortune if it was singled out from other contractors on the reservation and made defendant in such a suit. But it was not a part of the cost of the work contemplated by the contract. It is true that the contracting officer approved the payment of this item, but when he did so he was clearly acting outside of the scope of his authority, and his action can not be ratified.
*297 Judgment will be entered for the plaintiff in the sum of $1,000. It is so ordered.
Moss, Judge; Graham, Judge; Booth, Judge; and Campbell, Ghief Justice, concur.